IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ROGER J. SPENCE, | ) |
| Plaintiff, | ) ) ) |
| | ) No. _____ |
| V. | ) Jury Demand |
| | ) |
| O'CHARLEY'S LLC, | ) ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff Roger J. Spence files this Complaint for damages relating to and resulting from discrimination in connection with his employment with O'Charley's LLC ("O'Charley's") because of his disability and/or perceived disability and in retaliation for his asserting rights and benefits under Tennessee's worker's compensation laws. Plaintiff asserts a claim for disability discrimination in violation of the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101, *et seq*., ("ADA") and the Tennessee Disability Act, Tenn. Code Ann. § 8-50-103 ("TDA") and a claim for retaliatory discharge in violation of Tennessee common law. For his Complaint, plaintiff states as follows:

## IDENTIFICATION OF THE PARTIES

1. Plaintiff is a resident of Nashville, Tennessee.

2. Defendant O'Charley's is a Tennessee limited liability company having its principal place of business in Nashville, Tennessee. Defendant O'Charley's does business in Davidson County Tennessee and employed plaintiff in Davidson County

Tennessee. Defendant can be served with process through its registered agent, CT Corporation System, 800 South Gay Street, Suite 2021, Knoxville, Tennessee 37929-9710.

## STATEMENT OF JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 since plaintiff asserts claims arising under the laws of the United States, specifically the ADA. The Court has and should exercise supplemental jurisdiction over plaintiff's state law claim.

4. Venue is proper in this Court because the acts giving rise to this complaint occurred in an area embraced within the Middle District of Tennessee.

## FACTUAL AVERMENTS

5. On September 27, 2010, plaintiff became employed with defendant O'Charley's as a Manager in Training and was promoted to Assistant Kitchen Manager on November 22, 2010.

6. Plaintiff was a good employee and performed his job duties as Assistant Kitchen Manager in an exemplary manner.

7. On or about September 1, 2011, plaintiff suffered a serious injury to his right knee while performing his work for defendant O'Charley's.

8. Defendant O'Charley's monitored plaintiff's medical care and treatment through its worker's compensation claims agent, Gallagher Bassett Services, Inc., from the beginning of his medical treatment, through his surgery and rehabilitative physical therapy until his medical release.

9. As a result of his physical impairment that prevented him from

walking and working, Defendant O'Charley's placed plaintiff on Family and Medical Leave Act leave on September 11, 2011.

10. On September 14, 2011, plaintiff's doctor modified plaintiff's medical restrictions to alternately sitting and standing, sitting 45 minutes per hour and no squatting, kneeling or climbing. Again, defendant O'Charley's informed plaintiff that it could not accommodate his medical restrictions.

11. Plaintiff underwent right knee surgery on October 20, 2011 and post-operative medical care and rehabilitative physical therapy.

12. On November 4, 2011, plaintiff's doctor modified plaintiff's medical restrictions to alternately sitting and standing, sitting 30 minutes per hour and no squatting, kneeling or climbing. Plaintiff's doctor scheduled a follow up appointment for six weeks later, on December 16, 2011.

13. Again, defendant O'Charley's informed plaintiff that it could not accommodate his medical restrictions.

14. On December 12, 2011, four days before his final doctor's appointment on December 16, 2012, defendant O'Charley's terminated plaintiff's employment.

15. On December 16, 2011, plaintiff's doctor released plaintiff to return to full duty without any medical restrictions.

16. Defendant O'Charley's refused to engage in the interactive process with plaintiff or to consider or grant plaintiff a reasonable accommodation of additional unpaid leave prior to unilaterally terminating his employment because of his disability and/or perceived disability.

17. Plaintiff filed a timely charge of discrimination (alleging disability discrimination) with the Equal Employment Opportunity Commission ("EEOC") and has received the attached Notice of Right to Sue ("Notice") from the EEOC.

**Claim For Disability Discrimination In Violation of Federal and Tennessee Law**

18. Plaintiff hereby incorporates and realleges the factual averments as set forth in paragraphs 1 through 17 herein.

19. At times material to this Complaint, plaintiff suffered from a physical impairment that substantially limited one or more of his major life activities.

20. Defendant O'Charley's also perceived and regarded, and at all times material to this Complaint perceived and regarded, plaintiff as having a physical impairment that substantially limited one or more of his major life activities.

21. Plaintiff was and is able to perform the essential functions of his job with defendant O'Charley's with reasonable accommodations.

22. Defendant O'Charley's refused to accommodate plaintiff's disability, failed and refused to engage in the interactive process required by the ADA and TDA and terminated plaintiff's employment because of his disability and/or perceived disability in violation of the ADA and TDA.

23. As a result of its actions, defendant O'Charley's is liable to plaintiff in an amount to be determined by the jury for the damages plaintiff has incurred as well as for punitive damages.

24. As a result of its actions, defendant O'Charley's is liable for plaintiff's attorney's fees.

25. As a result of its actions, defendant O'Charley's is obligated to

make plaintiff whole for all lost earnings and benefits.

**Claim for Retaliatory Discharge in Violation of Tennessee Common Law**

26. Plaintiff hereby incorporates and realleges the factual averments as set forth in paragraphs 1 through 25 herein.

27. Plaintiff was employed by defendant at the time he suffered a work injury in the course and scope of his employment.

28. Plaintiff asserted rights under Tennessee worker's compensation laws and made a claim against defendant for his work injury.

29. Defendant terminated plaintiff's employment in retaliation for his asserting rights under Tennessee's worker's compensation laws.

30. Plaintiff's claim for worker's compensation benefits was a substantial factor in defendant's motivation to terminate plaintiff's employment

31. As a direct result of defendant's actions, plaintiff has suffered damages.

32. As a result of its actions, defendant is liable to plaintiff in an amount to be determined by the jury for the damages plaintiff has incurred.

33. As a result of its actions, defendant is liable for punitive damages.

34. As a result of its actions, defendant is obligated to reinstate plaintiff and to make him whole for all lost earnings and benefits.

**WHEREFORE,** premises considered, plaintiff demands the following relief:

1. An award of compensatory and punitive damages against defendant in an amount to be determined by the jury;

2. An award of attorneys' fees;

3. An order of reinstatement;

4. A jury for the trial of this action; and

5. Such other, further and general relief to which he may be entitled.

_____
Stephen W. Grace, No. 14867
1019 16th Avenue, South
Nashville, Tennessee 37212
(615) 255-5225
Attorney for Plaintiff